. No. 21,923.

FRED R. ETCHEN, doing business as THE ETCHEN AUTOMOBILE
COMPANY, *Appellant*, v. DENNIS & SON GARAGE, CHAS. DEN-
NIS et al., *Appellees.*

SYLLABUS BY THE COURT.

AUTOMOBILE—*Repairs—Lien of Mechanic—Superior to Holder of Condi-
tional Sale Contract.* An automobile was delivered to a purchaser
under a conditional sale contract, which was duly filed for record. The
purchaser wrecked the car while using it, and then left it with a me-
chanic for repairs. The holder of the sale contract talked with the
mechanic about the repairs, informed him of the sale contract, and re-
quested him to get his money for the repairs before he let the car go
out of his possession. *Held,* that the lien of the mechanic, under sec-
tion 6082 of the General Statutes of 1915, was superior to the lien of
the holder of the contract.

Appeal from Labette district court; ELMER C. CLARK, judge.
Opinion filed February 8, 1919. Affirmed.

*A. M. Etchen,* of Coffeyville, for the appellant.
*C. J. Taylor,* of Parsons, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.:  This action concerns the priority of liens on
an automobile.  The plaintiff, the holder of a conditional sale
contract duly filed for record, commenced the action—one in
replevin—to obtain possession of the automobile.  The defend-
ants claimed the right to the possession by virtue of a lien for
material furnished and labor performed in making repairs on
the car.  Judgment was rendered in favor of the defendants,
and the plaintiff appeals.

The plaintiff sold the automobile to Sam Walden, who lived
in Montgomery county, and took from him a conditional sale
contract, under which the possession of the automobile was
given to Walden, and by which the title, ownership, and right
of possession remained in the plaintiff until the purchase price
was fully paid, at which time the title should pass to Walden.
The contract provided that if Walden should sell or encumber
the automobile, or attempt to sell or encumber it, the full

amount unpaid should immediately become due and payable, and the plaintiff could take possession of the car and sell it. Nothing was said in the contract about repairs. Walden, on a trip from Montgomery county to Labette county, wrecked the car near Altamont. He then left it with the defendants to be repaired. They purchased the necessary material and repaired the car. A few days after it had been left with them, the plaintiff and Charles Dennis, one of the defendants, had a conversation over the telephone. In that conversation, Dennis told the plaintiff that the car was badly damaged, and that the cost of repairing it would be from $75 to $90. The plaintiff claimed to have a mortgage on the car and requested Dennis not to let it go until he got his money for the repairs. Afterward, the plaintiff demanded the car, but the defendants refused to give possession until their bill for material and repairs was paid. This action was then commenced.

The plaintiff argues that his conditional sale contract was a lien prior to any that could be subsequently created by the act of Walden in getting the car repaired after it had been damaged. The response of the defendants is that the car was received by them from Walden, who was in the possession of it, and who had purchased it from the plaintiff, and that section 6082 of the General Statutes of 1915 gave them a lien on the car superior to that of the plaintiff.

The plaintiff cites *Lumber Co. v. Schweiter,* 45 Kan. 207, 25 Pac. 592, in support of his argument. In that case the owner had contracted to sell real property under certain conditions. The purchaser permitted a mechanic's lien to be filed in violation of the terms of the contract. The court held the mechanic's lien inferior to the liens provided for in the contract. In a number of subsequent cases, this court held that where the purchaser had acquired an equitable title to real property, his interest may be subjected to mechanics' liens. (*Getto v. Friend,* 46 Kan. 24, 26 Pac. 473; *Mortgage Trust Co. v. Sutton,* 46 Kan. 166, 26 Pac. 406; *Drug Co. v. Brown,* 46 Kan. 543, 26 Pac. 1019; *Lumber Co. v. Fretz,* 51 Kan. 134, 32 Pac. 908; *Shearer v. Wilder,* 56 Kan. 252, 43 Pac. 224.)

There are material differences between the mechanic's lien statute and the statute under which the defendants claim. The mechanic's lien statute, section 649 of the code of civil pro-

cedure (Gen. Stat. 1915, § 7557), provides that any person, who shall, under contract with the owner of real property, perform labor or furnish material for improvements, shall have a lien thereon, preferred to all other liens which may attach thereto subsequent to the commencement of such improvements. The statute under which the defendants claim a lien (Gen. Stat. 1915, § 6082) provides that whenever any person shall intrust to any mechanic, artisan, or tradesman an article of value to be repaired, such mechanic, artisan, or tradesman shall have a lien on such article. Nothing is said in the statute about the owner of the property, nor about the priority of the lien. The succeeding section of the statute (Gen. Stat. 1915, § 6083) provides for an agister's lien, and in that statute nothing is said about the owner of the property nor about the priority of the lien.

In *Case, Adm'r, v. Allen,* 21 Kan. 217, it was held that an agister's lien on cattle was superior to a previously executed and recorded chattel mortgage. In that case, the cattle had been fed at the request of the mortgagor. Why should an agister's lien be superior to a prior mortgage? This court answered that question in *Case v. Allen,* where the following language was used:

"Now, the lien of the agister is not the mere creature of contract. It is created by statute from the fact of the keeping of the cattle. The possession of the agister was rightful; and, the possession being rightful, the keeping gave rise to the lien; and such keeping was as much for the interest of the mortgagee as the mortgagor. The cattle were kept alive thereby; and the principle seems to be that where the mortgagee does not take the possession, but leaves it with the mortgagor, he thereby assents to the creation of a statutory lien for any expenditure reasonably necessary for the preservation or ordinary repair of the thing mortgaged. Such indebtedness really inures to his benefit. The entire value of his mortgage may rest upon the creation of such indebtedness and lien, as in the case at bar, where the thing mortgaged is livestock, and the lien for food. And while it seems essential that this should be the rule to protect the mechanic or other person given by statute a lien upon chattels for labor or material, the rule, on the other hand, will seldom work any substantial wrong to the mortgagee. The amount due under such liens is generally small—a mere trifle compared with the value of the thing upon which the lien is claimed. The work or material enhances or continues the value of that upon which the work is done, or to which the material is furnished; and the mortgagee can always protect himself against such liens, or, at least, any accumulation of debt thereon, by taking possession of the chattel mortgaged." (p. 220.)

In *Christie v. Scott,* 77 Kan. 257, 260, 94 Pac. 214, it was held that contracts like the one under consideration should be regarded as chattel mortgages.

Why should the defendants' lien, claimed under section 6082, be superior to the lien of the plaintiff? This question can be partly answered by the same reasoning as that used by the court in *Case v. Allen.* The defendants' lien was not a mere creature of contract. It was created by statute from the fact that the repairs were made on the automobile. The possession by Walden was rightful and was with the consent of the plaintiff. The repairs on the automobile added to its value, at the time they were made, and preserved that value for the plaintiff's security.

Before the repairs were completed, possibly before any of them were made, the plaintiff knew that the car was in the defendants' possession for repairs. The plaintiff talked with defendant Charles Dennis about the repairs. The plaintiff did not tell Dennis not to make them, but did tell him to get his money before he let any one have possession of the car. There was sufficient in that conversation to justify the court in finding, if such finding were necessary, that the plaintiff consented to the repairs being made.

The trial was by the court without a jury, and a general finding was made in favor of the defendants—that they were entitled to the possession of the automobile.

The conclusion of the court is that the defendants' lien was superior to that of the plaintiff. This conclusion is supported by *Broom & Son v. Dale & Sons,* 109 Miss. 52; 3 R. C. L. 134; 1 Jones on Liens, 3d ed., § 744; 1 Cobbey on Chattel Mortgages, § 460.

The judgment is affirmed.