No. 22,055.

THE WILLYS-OVERLAND COMPANY, *Appellant*, v. A. R. EVANS, doing business as the EVANS AUTO MACHINE WORKS, *Appellee*.

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Lien of Mechanic for Repairs—Superior to Prior Chattel Mortgage.* An automobile purchased in Kansas City, Mo., on which a chattel mortgage duly recorded in Jackson county, Missouri, was in force, was left at a Kansas garage for repairs by another than the original purchaser. *Held,* that while the lien of the chattel mortgage was good, the garage man who repaired the car was, under the Kansas lien statute, sections 6092 to 6094 of the General Statutes of 1915, as amended by chapter 232 of the Laws of 1917, entitled to a lien thereon, and entitled to retain possession thereof until the amount was paid.

2. SAME—*Failure of Mechanic to Record Claim.* The failure of the garage man to record a claim for lien did not impair his right to retain possession, but only precluded him from foreclosing his lien as a chattel mortgage.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed April 12, 1919. Affirmed.

*W. W. Hooper,* and *D. W. Hooper,* both of Leavenworth, for the appellant.

*Lee Bond,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from a judgment which preferred the lien of a repair bill to the plaintiff's chattel mortgage on an automobile sold by it. John Elloit bought an Overland car of the plaintiff, giving therefor seven notes for $37.50 each, one to become due August 15, 1917, and one on the 15th of each succeeding month until all were paid. He executed a chattel mortgage on the car, which was filed for record in the office of the recorder of deeds of Jackson county, Missouri. Elloit lived at Kansas City, Mo. Six of the notes remained unpaid at the time of the trial, and the plaintiff had at no time consented that the car be taken out of Jackson county. In August, 1917, one S. M. Roach, without the knowledge or consent of the plaintiff, brought the car in a damaged condition to the defendant's garage in Leavenworth and requested that it be repaired; this was done, and the bill therefor was $215.68. The defendant did not file for record any lien or claim for lien within sixty days thereafter, nor at any time before the beginning of the action. He kept possession of the car until taken from him by replevin, at all times claiming a lien for the amount of his bill. Considerable correspondence passed back and forth, but no settlement was reached by the parties.

The Missouri statute provides that no such instrument as the chattel mortgage shall be valid against any other person than the parties thereto, unless possession be given or unless the instrument be acknowledged or proved and recorded in the county where the mortgagor or grantor resides. Another statute of that state provides that every person who shall keep or store any vehicle shall for the amount due therefor have a lien, and every person who furnishes labor or material on any vehicle who shall obtain a written memorandum of the labor and material furnished, signed by the owner, shall have a lien for the amount thereof, but that such lien shall not take precedence over or be superior to any prior lien created by any chattel mortgage duly filed or recorded, without the written consent of the legal holder.

The court held that the defendant had an artisan's lien for $215.68 and, the car having been disposed of, he was given judgment for such sum.

Our statute provides that a first and prior lien is created in favor of any blacksmith, horseshoer, wagonmaker, keeper of garage or any other person upon any automobile which shall have come into his possession for the purpose of having work done on it or repairs made, "and said lien shall amount to the full amount and reasonable value of the services performed. And shall extend to and include the reasonable value of all material used in the performance of such services." (Gen. Stat. 1915, § 6092, as amended by Laws 1917, ch. 232.) The following section is that such lien shall be filed for record in the county where the services were rendered within sixty days thereafter. (Gen. Stat. 1915, § 6093.) The next and last section provides that this lien may be enforced and foreclosed as a chattel mortgage. (§ 6094.)

Doubtless, in order to enforce the lien as a chattel mortgage it is necessary for the artisan to record his claim as directed by the statute, but his right to retain possession until his bill is paid is not destroyed by failing to file the lien. The language does not so prescribe, and we cannot add a provision which the lawmakers have not made. It does not seem to have been the fault of either of the parties that the car came into the possession of Roach. After being damaged, it was brought to the defendant for repairs, but when it was so left, the law of the place immediately came into effect, and the lien of the artisan for repairs made was, by virtue of the statute, prior and superior to the lien of the plaintiff's mortgage.

One consoling feature of the case is that the car is doubtless worth some $200 more than the wreck which was brought to the garage, and hence so much better a basis for security under the mortgage.

The situation is not like that in *Handley v. Harris,* 48 Kan. 606, 29 Pac. 1145, in which the mortgaged personalty was taken to another state and sold without notice of the lien, to one who was held bound by the constructive notice of the recording in the former state; or like the similar situation presented in *National Bank v. Massey,* 48 Kan. 762, 30 Pac. 124. In *Bank v. Brecheisen,* 65 Kan. 807, 70 Pac. 895, an agister's lien was claimed, not by virtue of the statute, but by reason of a contract, and this was held insufficient to supersede the lien of the chattel mortgage. (See, also, *Olson v. Orr,* 94 Kan. 38,

145 Pac. 900.) The case of *Automobile Co. v. Dennis*, ante, p. 241, 178 Pac. 408, is in some features analogous, and the cases therein cited are referred to. (See, also, Minor on Conflict of Laws, 309; 6 C. J. 1183, § 80.)

It does not appear whether Roach left the car as owner or as agent for the owner, but, in the absence of any showing, it must be presumed that he had the right to leave it and order the repairs. (6 C. J. 1105, § 28; *Andrews v. Keith*, 168 Mass. 558, 560.)

While comity recognizes the lien of the chattel mortgage, the Kansas statute gives the garage man a prior lien.

The judgment is affirmed.