No. 26,701.

THE HOCKADAY AUTO SUPPLY COMPANY, *Appellee,* v. (F. J. HUFF, Defendant) THE VALLEY SECURITIES COMPANY, Intervener, *Appellant.*

SYLLABUS BY THE COURT.

MECHANICS' LIENS—*Priorities—Prior Mortgage.* The lien of a mechanic for the reasonable value of labor and material expended in repairing an automobile and replacing worn parts, at the request of the mortgagor, as provided for in R. S. 58-201, is superior to that of a prior mortgagee where such mortgagee allows the mortgagor to possess and use the automobile. The preference so given is not violative of the due-process clause of the federal constitution.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed May 8, 1926. Affirmed.

*A. C. Malloy, R. C. Davis, Warren H. White* and *A. L. Oswald,* all of Hutchinson, for the appellant.

*C. M. Williams* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The superiority of liens upon an automobile is the subject of controversy in this case. F. J. Huff, the owner of the automobile, had given a chattel mortgage on it, which had been filed for record and had been duly assigned to the intervener, the Valley Securities Company. Some time later the owner took the car to the plaintiff and contracted with it for repairs and renewals. That company procured mechanics who did the necessary work in making the changes, taking off the old wheels, tires, rims and tubes, and fitting in their places new tires, rims and wheels, at the agreed price of $80. The bill for the work done and materials furnished

Bailments, 6 C. J. p. 1138 n. 1. Constitutional Law, 12 C. J. p. 1249 n. 48; 2 L. R. A. n. s. 615; 18 R. C. L. 955.

was not paid, and the plaintiff filed a lien for labor and materials against the car in the form prescribed by law. The chattel mortgage previously executed is conceded to be a valid instrument, which was duly recorded, and the claim of the intervener is that it is first in time, and hence is first in right, and its lien should be regarded as superior to that of the mechanic's for labor and materials. The trial court held the lien of the mechanic to be' superior to that of the mortgagee, and the intervener appeals.

The statute under which the mechanic's lien is claimed provides, among other things, that a mechanic or other person shall have a first and prior lien upon an automobile or other vehicle which comes into his possession for the purpose of having work done thereon, or for repairs and improvements, for the reasonable value of the services performed and of the material used in the performance of such services. (R. S. 58-201.) It is said by the intervener that this statute is the creation of the revision commission and not an enactment of the legislature. While the commission reported the revision to the legislature, it was in fact constitutionally enacted by that body and is as much the law of the state as if it had been initiated by the legislature without the report of the commission. (*State, ex rel., v. Davis,* 116 Kan. 211, and 663, 225 Pac. 1064.) Prior to 1913 liens of mechanics or artisans were not given priority over other liens, but in that year the legislature passed a statute providing that certain mechanics should have a first and prior lien upon vehicles, including automobiles, which came into their possession to have work done or repairs or improvements made thereon. (Laws 1913, ch. 218; Gen. Stat. 1915, § 6092.) The priority thus provided has been in force since that time. In 1917 that act was amended so as to extend the preference to other persons. (Laws 1917, ch. 232.) In the revision of 1923 the act was amended in some particulars, but the priority of such liens was reënacted. (R. S. 58-201.) While the power of the legislature to create liens is conceded, it is contended that the statute in question in effect deprives a prior mortgagee of his property without notice or a judicial hearing, and is a violation of the due-process clause of the federal constitution. The question raised is not a new one in this state. The principle involved was considered and determined in the early case of *Case, Adm'r, v. Allen,* 21 Kan. 217, where an agister's statutory lien was held to be paramount to a prior mortgage lien. In this opinion Justice Brewer said in substance that the mortgagee

having left the cattle in the possession of the mortgagor, who had turned them over to an agister to be kept and fed, the latter's possession was rightful and the keeping and feeding gave rise to the lien which was provided by statute; that the keeping and feeding was as much for the interest of the mortgagee as the mortgagor, because the cattle were thereby kept alive and the mortgagee's security protected. It was also said that:

"The principle seems to be that where the mortgagee does not take the possession, but leaves it with the mortgagor, he thereby assents to the creation of a statutory lien for any expenditure reasonably necessary for the preservation or ordinary repair of the thing mortgaged. Such indebtedness really inures to his benefit. . . . The work or material enhances or continues the value of that upon which the work is done or to which the material is furnished; and the mortgagee can always protect himself against such liens, or at least any accumulation of debt thereon, by taking possession of the chattel mortgaged." (pp. 220, 221.)

The principle of that case has been followed and approved in another one involving repairs and improvements on an automobile, in *Automobile Co. v. Dennis,* 104 Kan. 241, 178 Pac. 408, where it was held that the lien under a conditional contract, which was regarded to be the same as one obtained under a chattel mortgage, was subordinate and inferior to a mechanic's lien for labor and material expended in putting and keeping it in an efficient condition. These cases have been recently cited and approved in *Cattle Loan Co. v. Warren,* 115 Kan. 21, 222 Pac. 138. We see no reason to depart from a rule established about fifty years ago and which has been consistently followed since that time. Under it the statute cannot be regarded as invalid, as the intervener must be regarded as having taken the mortgage with a knowledge of the statute and of the interpretation placed upon it. All know and the mortgagee must have contemplated that the use of an automobile which he chose to leave in the possession of the mortgagor would inevitably require repairs and replacements. By intrusting the possession of the car to the mortgagor the mortgagee in a sense made him its agent to keep it in a going condition for the benefit not only of the mortgagor, but also for the benefit of the mortgagee, and in that way preserve the value of its security. Following these decisions, it must be held that the statute giving a lien for labor and material on the automobile, and making it superior to that of a prior mortgage, does not violate the constitutional provision mentioned, and therefore the judgment of the district court will be affirmed.