Nos. 35,770, 35,773

NATIONAL BOND & INVESTMENT COMPANY, *Appellee* and *Cross-appellant*, v. MIDWEST FINANCE COMPANY, *Appellant*, et al.

(134 P. 2d 639)

Opinion filed March 6, 1943.

*Joseph Cohen,* of Kansas City, was on the briefs for the appellant.
*J. Willard Haynes,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a replevin action. It was instituted by the National Bond and Investment Company, a corporation, the owner and holder of a chattel mortgage, to recover possession of an automobile, after default of the mortgagor, from the Midwest Finance Company, the assignee of an artisan's lien on the car.

There were other defendants but they have not appealed. The plaintiff and the above-named defendant have both appealed from separate portions of the judgment and the appeals have been consolidated. For clarity we shall continue to refer to the appealing parties as plaintiff and defendant.

The action was tried without a jury on the pleadings, separate submitted statements of fact·by the parties with respect to what they and their witnesses would testify if they testified orally, on the admissions made during the trial, and on the chattel mortgage and artisan's lien, which latter instruments were introduced in evidence. The rulings of the trial court on various issues of law were incorporated in the journal entry of judgment in the form of findings and the respective appeals are from certain portions thereof. The findings and judgment of the court were:

"1. That the plaintiff is the owner and holder of a promissory note dated June 18, 1941, in the amount of $561.60 payable to the order of Sight Brothers Motor Company, in installments, as follows: thirty-six payments of $10 each on the first and fifteenth days of each month beginning July 1, 1941, and one payment of $201.60 due on December 18, 1942, with interest after maturity until paid by 8% per annum, which note was executed and delivered by Kenneth D. Wilson for value received. That among other provisions, said note contains one that if default was made in the payment of any installment when due then all the remaining installments should become due and collectible at once. That the payment of said note was secured by a chattel mortgage on one 1939 model Chevrolet town sedan automobile, motor number 2685108,

which is the automobile involved in this action and which was filed for record in the office of the register of deeds of Wyandotte county, Kansas, on June 23, 1941, at 9:57 o'clock a. m. and bears number C-31333 in the chattel mortgage record of said office. That prior to the maturity of any installment due on said promissory note, and for value received, the said Sight Brothers Motor Company duly sold, assigned, endorsed and delivered said promissory note and chattel mortgage to the National Bond & Investment Company and it ever since has been and now is the owner and holder of said promissory note and chattel mortgage and entitled to all rights thereunder. That the maker of said promissory note and chattel mortgage, Kenneth D. Wilson, defaulted in the payment of the $10 due on December 15, 1941, and all subsequent payments due thereon and there is now due the National Bond & Investment Company, as the owner and holder of said note and chattel mortgage, the sum of $451.60.

"2. That the mechanic's lien involved in this action is sufficient in form and contents to constitute a mechanic's lien in favor of the Feld Chevrolet Company upon the automobile involved in this cause and that the same is subject to oral assignment. And that the Feld Chevrolet Company should be given leave to amend said mechanic's lien to show that the lien was in truth and fact the lien of said Feld Chevrolet Company and that, in the execution of the same, George Bender acted as the agent of said company.

"3. That the charge of $60 for automobile tires and tubes mentioned in said mechanic's lien is not a lienable item and said amount of $60 must be deducted from the amount of the lien filed by the Feld Chevrolet Company.

"4. That the mechanic's lien in favor of the Feld Chevrolet Company on the automobile involved in this action in the amount of $29.25 is superior to the chattel mortgage of the plaintiff.

"5. That the expenses incurred by the Midwest Finance Co., assignee of the Feld Chevrolet Company in regaining possession of the automobile involved herein from the owner, Kenneth D. Wilson, cannot be construed as a part of the mechanic's lien.

"6. That the plaintiff is entitled to the immediate possession of the automobile described in its Amended Replevin Affidavit subject to a first and prior mechanic's lien in favor of Midwest Finance Co., assignee of the Feld Chevrolet Company in the amount of $29,25, or in lieu thereof the sum of $451.60.

"It is therefore by the Court considered, ordered and adjudged that the plaintiff have and recover of and from the defendants the immediate possession of the automobile described in the plaintiff's Amended Replevin Affidavit, subject, however, to a first and prior mechanic's lien in favor of Midwest Finance Co., assignee of the Feld Chevrolet Company, in the amount of $29.25, or in lieu thereof that the plaintiff have and recover of and from the defendants the sum of $451.60.

"It is further adjudged that the plaintiff pay the costs of this action."

Defendant appeals from findings numbers 3 and 5. Plaintiff appeals from findings numbers 2 and 4. We shall first treat plaintiff's contentions. If the artisan's lien was valid, it constituted a first and prior lien on the automobile by reason of the express provision of

G. S. 1935, 58-201, and was superior to plaintiff's chattel mortgage. (*Overland Co. v. Evans,* 104 Kan. 632, 634, 180 Pac. 235; *Hockaday Auto Supply Co. v. Huff,* 121 Kan. 113, 245 Pac. 1013.)

Did it constitute a valid lien as originally filed or as amended? Plaintiff contends it did not. It insists it never purported to be the lien of the Feld Chevrolet Company, which sold it to the defendant, but in fact purported to be the lien of one Geo. Bender and that it was not subject to amendment. A common form of printed lien statement was used. The lien statement plainly disclosed the name of the mechanic, artisan or tradesman, who performed the service and made the repairs and improvements, to be the Feld Chevrolet Company. It disclosed that company rendered the services upon the described car pursuant to contract with Kenneth Wilson, the owner of the car, in accordance with the itemized statement thereto attached. The itemized statement of account also plainly indicated the services were performed by the Feld Chevrolet Company for Kenneth Wilson and upon that statement the name of Geo. Bender nowhere appears. The lien statement bore the stamp signature of the Feld Chevrolet Company over the words "mechanic, artisan, or tradesman." Between the name of the company and the above-quoted words appeared the name "Geo. Bender." The affidavit on the back of the lien statement was signed by Geo. Bender and in it Geo. Bender was designated as the lien claimant. It was admitted on the trial Geo. Bender was the duly constituted agent and employee of the Feld Chevrolet Company and that it was his duty and responsibility to prepare and file all liens on behalf of his company. It was also conceded he prepared and filed the instant lien statement. Plaintiff does not contend the lien statement did not in all other particulars comply with the requirements of G. S. 1935, 58-201. The trial court, in furtherance of justice, permitted the lien statement to be amended to show the representative capacity in which Geo. Bender prepared, signed and filed the lien statement of his employer. While the artisan's lien law makes no express provision for an amendment of such liens, it clearly appears plaintiff's rights were in nowise prejudiced thereby and we think the amendment was properly allowed.

Plaintiff next argues the lien was not subject to assignment and especially not subject to oral assignment. It therefore insists the defendant, Midwest Finance Company, obtained no rights thereunder. If these contentions were sound they could not have aided

plaintiff in the instant case. A valid lien existed in favor of the Feld Chevrolet Company, which was a defendant in the instant action. But why could the lien not be protected in the name of the defendant, Midwest Finance Company, under the particular circumstances of this case? Plaintiff's argument is that the legislature by G. S. 1935, 60-1404, expressly provided for assignments of mechanic's liens on real property and indicated the manner in which such assignments were required to be made a matter of record but that it made no similar provision for the assignment of an artisan's lien. Plaintiff contends it must therefore be assumed the legislature did not intend to make an artisan's lien assignable. Is the assumption warranted?

It might have been wise for the lawmakers to have provided expressly for the assignment of such liens and for the manner in which the assignment was to be made. The mere fact, however, that it made no such provisions cannot of itself be construed as an intention to deny the right of assignment. No statute expressly denies the right of assignment. A mechanic has a vested right in the lien upon the completion of his labor. He may enforce it by retaining possession of the chattel until the account is paid or by releasing possession thereof and by filing his lien within thirty days as directed by statute. (G. S. 1935, 58-201.) The lien holder, by force of circumstances, one of which may be the failure of the debtor to pay, may be compelled to assign his rights thereunder. There is no reason why he should not be permitted to assign his right to the money due him and also the security therefor. It is well known that this is a common practice among lien holders just as it is a common practice to assign chattel mortgages. Prior to the enactment of G. S. 1935, 60-1404, expressly making a mechanic's lien on real estate assignable, this court held such a lien was nevertheless assignable. (*Brown v. School District,* 48 Kan. 709, 29 Pac. 1069.) A lien is a chose in action. In this state all choses in action, except torts, are assignable. (G. S. 1935, 60-401; *McCrum v. Corby,* 11 Kan. 464, 470; see, also, G. S. 1935, 60-402.) This is also the general rule (4 Am. Jur., Assignments, § 24; 6 C. J. S. Assignments §§ 4, 5).

Were the rights of plaintiff, under circumstances in this particular case, prejudiced by virtue of the fact the sale of the lien to defendant was not in writing and reflected by the public records? We think they were not. Plaintiff was not a subsequent creditor, purchaser or mortgagee. The lien of the Feld Chevrolet Company, which was

filed was superior to the lien of plaintiff's chattel mortgage. Plaintiff had actual knowledge of defendant's claim prior to the institution of the instant replevin action. Plaintiff obtained that knowledge when defendant repossessed the car and expressly informed plaintiff that plaintiff could have possession of the car if it paid defendant's claims. Plaintiff refused to pay the lien and filed the instant action to obtain an adjudication of its claimed right to priority of possession under its chattel mortgage. We need not, and do not intend to, decide a holder and owner of an artisan's lien may under all circumstances protect his rights to such a lien by failing to make his purchase or assignment thereof a matter of public record. In the instant case, however, plaintiff was in nowise prejudiced by the absence of a record assignment and, we think, the trial court properly ruled the artisan's lien constituted a first and prior lien on the car, enforceable by the defendant, Midwest Finance Company.

What about defendant's contentions on appeal? It contends the trial court erred in rulings number 3 and number 5. Touching ruling number 3 defendant concedes it relies upon the following *dictum* contained in *Clark v. Davis*, 123 Kan. 99, where it was said:

"If the tires that came with the car had been so worn with use as to require replacement a different situation would be presented." (p. 104.)

Defendant argues plaintiff, in the instant case, agreed the tires and tubes replaced other tires which were worn and no longer usable. The record before us discloses that is one point upon which plaintiff refused to agree and defendant introduced no evidence on the subject. In any event the question left open in the Clark case was later considered and decided in *Rouse v. Paramount Transit Co.*, 137 Kan. 858, 861, 22 P. 2d 429, and it was held:

"Under the statute providing for an artisan's lien for services on personal property (R. S. 58-201), a dealer who sells to customers auto vehicle tires, tubes and rims, and installs them gratis, is not entitled to a lien on the vehicle for the price of the articles."

In the present case defendant's claim was solely for the value of tires and tubes sold in the sum of $60. Moreover, there was no evidence the tires were ever placed on the wheels of the car by the seller. Defendant asks us to reconsider our decision in the Rouse case, *supra*. We have done so and have again concluded the decision properly reflects the legislative intent as disclosed by the language of statute. (G. S. 1935, 58-201.) It is, of course, in the province of the legislature to amend the statute if it is inclined to do so but until it does so we shall be obligated to adhere to our former decision.

Defendant also urges the trial court erred in refusing to allow its claim for expenses in the sum of $111.10, incurred by it in repossessing the automobile, as a prior claim to plaintiff's chattel mortgage. Defendant concedes the artisan's lien statute does not create a lien for such an item and that such item was not included in the lien statement filed, but it contends that since it actually incurred the expense of repossessing the automobile, plaintiff, in fairness and equity, should not be permitted to profit at defendant's expense. The defendant repossessed the car for his own benefit and without direction by plaintiff. The fact such repossession might, or did, also inure to the benefit of plaintiff could not create an artisan's lien on the car. Defendant's contention, if sustained, would not only be tantamount to creating a lien where none was provided but to creating a lien prior to that of the chattel mortgage. The statute expressly enumerates what items are lienable and the expense of repossessing the automobile is not one of them. An artisan's lien is purely statutory. The statute confers special privileges upon one class of persons over others and the person claiming benefits and privileges thereunder must bring his claim clearly within the provisions of the law. (*Nixon v. Cydon Lodge*, 56 Kan. 298, 304, 43 Pac. 236; *Potter v. Conley*, 83 Kan. 676, 112 Pac. 608; *Bridgeport Machine Co. v. McKnab*, 136 Kan. 781, 18 P. 2d 186; *Rouse v. Paramount Transit Co.*, supra; *McHenry v. McHenry*, 150 Kan. 498, 95 P. 2d 261.) That the defendant, as to this item, failed to do and the claim was properly denied.

Defendant finally contends an artisan's lien, under our law, is enforced and foreclosed as a chattel mortgage. (G. S. 1935, 58-202.) It also reminds us that in the foreclosure of a chattel mortgage the property is sold to satisfy the mortgage and *cost of sale*. (G. S. 1935, 58-309; 58-311.) Defendant therefore argues the reasonable expense of repossessing the car should be included as a part of the costs of sale, the contention being there could be no sale unless the car was first repossessed. It is true artisan's liens, in this state, are enforced and foreclosed in the same manner as chattel mortgages. Rights under chattel mortgages are, however, determined by their own provisions and by statutes relating thereto. Chattel mortgages frequently contain provisions bearing upon the subject of costs of repossession. We deem it unnecessary to pursue the contention. Whatever force there may be in defendant's contention as to proper items of costs in mortgage foreclosure sales, the contention is not applicable here. The instant action is not a mortgage or lien fore-

closure action but an action in replevin. No sale is involved. The question is whether the expense of repossessing the car constitutes a lienable item under the artisan's lien law, and that question must be answered in the negative.

The judgment is affirmed.