No. 39,393

Butel Motors, Inc., *Appellant*, v. Lester Warsop, *Appellee*.

(271 P. 2d 237)

Opinion filed June 12, 1954.

*Karl V. Shawver*, and *Karl V. Shawver, Jr.*, both of Paola, were on the brief for appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action in replevin and from an adverse judgment the plaintiff appeals.

The abstract discloses that plaintiff commenced its action by filing its bill of particulars in the magistrate court of Johnson county seeking to recover possession from the defendant Warsop of a particularly described Ford automobile, hereafter referred to as the car, alleging its value to be $950.00. The defendant filed an answer

admitting that plaintiff owned the car and a cross-petition alleging that defendant conducted a garage business and that the car was delivered to him in a damaged condition by John O'Keefe representing himself to be the owner and who requested that the car be repaired; that defendant did repair the car, furnishing labor and materials in the amount of $179.32, the date of the final charge being March 17, 1949, and on said date he delivered the car to O'Keefe, believing him to be the owner; that later he learned plaintiff was the owner and made demand on O'Keefe and plaintiff for payment of his bill; that at the time the car was delivered to defendant, O'Keefe had possession with the knowledge and consent of plaintiff and that O'Keefe was acquiring title by virtue of a sales agreement with plaintiff; that by reason of the car being in possession of O'Keefe with consent of plaintiff and by virtue of authority granted O'Keefe by plaintiff to drive the car and have it in his custody plaintiff impliedly consented to have repairs made; that on April 15, 1949, he filed his lien statement in the register of deeds office under the provisions of G. S. 1949, 58-201, a copy being attached; that he notified plaintiff of the filing of his lien statement and later took possession of the car until the sheriff of Johnson county took possession from him under the writ of replevin; that defendant had a first lien on the car and was entitled to possession for the purpose of enforcing his lien; that plaintiff was indebted to him for repairs in the sum of $179.32 and he prayed judgment for that sum, for a judgment declaring his lien to be a first lien and for foreclosure, and, in the alternative that he have judgment for possession of the car. The plaintiff filed a verified reply alleging the lien statement did not comply with the law and answered the cross-petition alleging it failed to state a cause of action and denying O'Keefe had any right to contract for repairs and any authority to charge any repairs to the plaintiff or that defendant had a lien on the car.

The trial in the magistrate court resulted in a judgment for defendant for $2.00. An appeal to the district court followed. The trial in the district court resulted in a judgment that defendant recover against plaintiff for the sum of $179.32 and his lien in that amount was declared a first lien and further that plaintiff deliver possession of the car to defendant within five days or in lieu of such delivery that defendant recover his judgment upon the replevin bond of plaintiff and his surety.

Plaintiff's motion for a new trial was denied and in due time it perfected its appeal to this court. In its abstract it specifies as error: 1. The rendering a personal judgment against plaintiff in favor of defendant for $179.32; 2. In adjudging the defendant's lien was a first and prior lien on the car; 3. In its order that plaintiff deliver the car to defendant within five days or in lieu of such delivery that defendant have judgment on the replevin bond; and 4. In refusing to grant a new trial.

As a preliminary to discussion of the specifications of error, it is advisable to summarize the evidence. Butel the president of the appellant corporation testified that O'Keefe was driving the car with his knowledge; that he let O'Keefe have it under a kind of conditional sale, when O'Keefe paid the money Butel was to give him title; that Butel Motors owned the car; O'Keefe was driving it; that O'Keefe said he was getting some money from his wife's estate and would pay for the car within the next week; that Butel had known O'Keefe and thought he was trustworthy; when Butel didn't get the money appellant demanded that O'Keefe return the car and learned it had been wrecked. He got hold of O'Keefe, who told him he didn't want it so Butel took it from him; that he hadn't attempted to take it before; that Butel had no business transaction with defendant. Defendant demanded pay for repair of the car.

Appellee Warsop testified as to repairing the car which O'Keefe brought into his garage. After the repairs to the car were completed on March 17, 1949, it was delivered to O'Keefe. Thereafter Butel told him the car belonged to Butel and he demanded payment from him. Later he had possession of the car and kept it until it was taken by the sheriff on replevin; that the car bore O'Keefe's license tags; that he found out the car belonged to Butel before he filed his lien statement. The lien statement includes that the car was delivered to him by O'Keefe who represented himself as owner; that at the time the car was placed in his possession O'Keefe was purchasing the car from Butel under an agreement the terms of which were unknown to him.

Taking up the questions which appellant states are involved, we note the first is whether the court had jurisdiction to render a personal judgment against appellant under stated circumstances all of which involve appellant's own version of the evidence. No purpose can be served by a detailed statement as to why those

circumstances may not be considered, in view of the fact the trial court's judgment constitutes a general finding in appellee's favor and is not to be stricken down by resolving all disputes or inferences against him. We think it clear that Butel gave possession of the car to O'Keefe under what may be called, as Butel did call it, "a kind of conditional sale," and a sale which was never consummated either because O'Keefe couldn't raise the money, or having wrecked the car, no longer wanted to carry out his bargain. In our opinion the title of O'Keefe was sufficient that when he took the car into defendant's garage and had it repaired, under the circumstances disclosed, defendant was entitled to a lien on the car under G. S. 1949, 58-201. The matter of the sufficiency of the lien statement is treated later, but assuming now its sufficiency, we think the matter of the type of judgment to be rendered in a case like this is controlled by G. S. 1949, 60-1010 which in substance provides that in an action to recover possession of personal property, if the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment may be for the return thereof or the value thereof in case a return cannot be had. In the instant case the appellant may not complain that the judgment of $179.32 rendered against it is less than the value of the car, which it fixed in its bill of particulars at $950.00.

Appellant also contends that the action on the cross-petition may not be maintained for two reasons: 1, That a lien could not be created against the owner of the car by a stranger to the title; and 2, A lien cannot be created by filing a statement which does not contain the items of the account and a description of the property on which the lien is claimed. In our opinion what has been said heretofore answers the first proposition and that O'Keefe who caused the work to be done was no stranger to the title. As to the second proposition the defendant was given permission by the court to amend his mechanic's lien statement by attaching an itemized list of repairs and materials used in the repair of the car. In view of the judgment we may not assume the amendment was not made. Appellant cites no authority that such an amendment may not be allowed. Although amendment of a different type was involved, in *National Bond & Investment Co. v. Midwest Finance Co.*, 156 Kan. 531, 134 P. 2d 639, it was held that although the artisan's lien law (G. S. 1949, 58-201) does not expressly provide for the amendment of a filed lien statement, an amendment thereof,

in the furtherance of justice, is permissible when it does not prejudice the rights of others. Whether the analogy is close or not, the statute for mechanic's lien statements claiming liens on real estate provides for amendments thereof in the furtherance of justice. On the latter proposition see *Thomasson v. Kirkpatrick,* 174 Kan. 52, 254 P. 2d 329. In our opinion the instant amendment was in furtherance of justice and did not prejudice the appellant. Insofar as the contention pertains to a description of the property on which the lien is claimed, little need be said. The lien statement describes the Ford by the same motor number as the appellant states it to be in its bill of particulars. The only difference we discern is that appellant states the car is a Ford two door automobile while the lien statement says it is a Ford sedan. In view of the fact that there is no dispute that one and the same car is involved the contention will not be noticed further.

Appellant also complains that the trial court erred in the form of its judgment. Whoever prepared the journal entry of judgment might well have followed the statutory order more closely, but we think the judgment sufficiently follows G. S. 1949, 60-1010. Complaint that there was judgment against the surety on the replevin bond is technically good as the surety was not a party to the action. If resort to the bond becomes necessary the surety may then present such defenses as it may have.

Appellant's last contention that the trial court erred in denying its motion for a new trial raises no question not heretofore discussed. There was no error in the ruling.

The judgment of the trial court is affirmed.