(726 P.2d 282)

No. 58,609

UTILITY TRAILERS OF WICHITA, INC., *Appellee*, v. CITIZENS NATIONAL BANK & TRUST COMPANY, EMPORIA, KANSAS, *Appellant*.

—

Opinion filed August 21, 1986.

*Thomas A. Krueger*, of Krueger & Shaw, of Emporia, for appellant.

*Larry J. Putnam*, of Putnam Law Offices, of Emporia, for appellee.

Before BRAZIL, P.J., MEYER, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

LYLE, J.: Citizens National Bank and Trust Company, Emporia, Kansas, appeals from the judgment of the trial court awarding Utility Trailers of Wichita, Inc., damages for Citizens' failure to provide notice to Utility Trailers prior to the sale of two refrigerated trailers, and for Citizens' subsequent failure to disclose to Utility Trailers the name of the purchaser. Citizens held security interests (K.S.A. 84-9-304) and Utility Trailers held mechanics' liens (K.S.A. 58-201) on the trailers.

The facts will not be repeated except as is necessary to address the issues herein.

The first issue raised on appeal is whether a security interest

holder who sells its security has a duty to disclose to a mechanic's lien holder the name of the purchaser of the secured property. Our analysis of this issue will be expanded to encompass whether a foreclosing creditor has a duty to notify other secured parties of an impending sale.

Utility contends there is a duty owed by Citizens, holder of a chattel mortgage on which it foreclosed and sold the collateral, to disclose to Utility, a mechanic's lien holder, the name of the purchaser of the secured property. Citizens contends there is neither a common-law nor a statutory duty to make such a disclosure.

A person who makes repairs on any trucks or trailers pursuant to the owner's request has a first and prior lien on that property for the full cost of his labor and materials. K.S.A. 58-201. A mechanic's lien "may be enforced and foreclosed as security agreements are enforced under the provisions of the uniform commercial code." K.S.A. 58-202.

K.S.A. 84-9-310 states the priority of mechanics' liens in relation to perfected security interests:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon *goods in the possession* of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise." (Emphasis added.)

In both the official UCC Comment and the Kansas Comment to that section it is stated that the primary requirement is that the statutory lien holder be in possession of the goods. Under K.S.A. 58-201, however, a statutory lien claimant can retain the rights of a lien holder in possession if, within forty-five days of parting with possession, the lien is properly filed.

A properly filed statutory mechanic's lien may seriously decrease the value of a code security interest if, as in Kansas, the lien has priority over earlier perfected security interests. K.S.A. 58-201; K.S.A. 84-9-310. The rationale supporting this priority of interests is that the work of the mechanic's lien holder will enhance or preserve the value of the collateral of the secured party. *Hockaday Auto Supply Co. v. Huff*, 121 Kan. 113, 115, 245 Pac. 1013 (1926); Official UCC Comment to K.S.A. 84-9-310.

Utility *analogizes* its position as a mechanic's lien holder to that of a secured party with an interest superior to that of

Citizens. K.S.A. 84-9-504 governs a secured party's right to dispose of collateral after default. K.S.A. 84-9-504(3) states the collateral may be disposed of in cases of non-consumer goods after proper notice to both the debtor and *"to any other secured party from whom the secured party has received* (before sending his notification to the debtor or before the debtor's renunciation of his rights) *written notice of a claim of an interest in the collateral."* (Emphasis added.)

Citizens does not contest this analogy but argues only that no notice was required to be given Utility pursuant to the statute since Utility failed to give Citizens written notice of its interest. Utility argues that the filing of its mechanic's lien fulfilled the requirement of written notice to the foreclosing creditor under the statute. Utility contends it was therefore entitled to notice of the impending sale of the collateral and that Citizens' failure to comply with this provision made it liable under K.S.A. 84-9-507(1) for the amount of Utility's lien.

K.S.A. 84-9-507(1) specifies the damage a party will incur for failure to give a prior lien holder notice: "If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part." Citizens admitted it failed to check the records for a prior interest in the collateral and failed to give Utility notice of the foreclosure sale.

The major issue in this case turns on whether the trial court's construction of K.S.A. 84-9-504(3) was correct. In ruling on the meaning and requirements of that statute, the lower court was stating a conclusion of law; appellate review of conclusions of law is unlimited. *Baker v. R. D. Andersen Constr. Co.*, 7 Kan. App. 2d 568, 571, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982).

Utility's argument must fail. The 1976 amendment to K.S.A. 84-9-504(3) (Weeks) expedited foreclosure proceedings by shifting the burden of notice of a claim of an interest in the collateral to the competing secured parties.

"Under the old Code, the notice must be sent to both the debtor and 'except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement . . . or who is known by the secured party to have a security interest in the collateral.' Failure to send

notification of the sale to a competing secured party who has filed a financing statement subjects the foreclosing creditor to damages under § 9-507(1). And even if the competitor has not filed a financing statement, the foreclosing creditor violates § 9-504(3) by failing to send him notification if he has actual knowledge of the competitor's unperfected security interest. The burden of searching the files prior to foreclosure, as well as the danger that actual knowledge of a competitor may be imputed in a variety of ways, gives a bit of a chill to foreclosure under the old version of § 9-504(3). The [1976] amendments greatly aid the foreclosing creditor by requiring only that notification 'be sent to any other secured party from whom the secured party has received . . . written notice of a claim of an interest in the collateral.' In other words, the burden is shifted to the competing secured party (junior or senior) to inform the foreclosing creditor of his interest. *There is not [an] affirmative duty to search the UCC files prior to sale; nor need the foreclosing creditor fret about the danger of imputed knowledge.*" (Emphasis added.) Clark, *The Law of Secured Transactions Under the Uniform Commercial Code,* ¶ 4.8[7][d] (1980).

Under K.S.A. 84-9-504(3), Citizens had no duty to search the file to locate even a senior secured party before proceeding to sell the collateral. Citizens' failure to give notice to Utility could not be construed to be bad faith pursuant to K.S.A. 84-1-203.

Citizens is also correct that Utility still holds a valid mechanic's lien which was not extinguished by the sale of the collateral. K.S.A. 84-9-504(4) states:

"When collateral is disposed of by a secured party after default, *the disposition transfers to a purchaser for value all of the debtor's rights therein, discharges the security interest under which it is made and any security interest or lien subordinate thereto.* The purchaser takes free of all such rights and interests even though the secured party fails to comply with the requirements of this part or of any judicial proceedings." (Emphasis added.)

Neither Citizens nor Utility disputes that Utility's liens on the trailers were superior to Citizens' chattel mortgage.

"The lien of a mechanic for the reasonable value of labor and material expended in repairing an automobile and replacing worn parts, at the request of the mortgagor, as provided for in R.S. 58-201, is superior to that of a prior mortgagee where such mortgagee allows the mortgagor to possess and use the automobile. The preference so given is not violative of the due-process clause of the federal constitution." *Hockaday Auto Supply Co. v. Huff,* 121 Kan. 113, Syl.

See K.S.A. 58-201. Consequently, since Utility's mechanics' liens were superior to Citizens' interest and not subordinate thereto, the lien was not discharged by Citizens' sale of the collateral and could still be enforced by foreclosing on the collateral even though in the possession of a new purchaser. K.S.A. 84-9-504(4). "Said lien [mechanic's lien] may be enforced

and foreclosed as security agreements are enforced under the provisions of the uniform commercial code." K.S.A. 58-202.

Utility maintains that Citizens' refusal to disclose the name of the buyer of the collateral prevents it from enforcing its lien and is an indication of Citizens' bad faith. "The principal limitation on the secured party's right to dispose of collateral is the requirement that he proceed in good faith (Section 1-203) and in a commercially reasonable manner. See Section 9-504." Official UCC Comment to K.S.A. 84-9-507. K.S.A. 84-1-203 states that "[e]very contract or duty within this act imposes an obligation of good faith in its performance or enforcement." The official UCC Comment to K.S.A. 84-1-203 states "[t]he principle involved is that in commercial transactions *good faith is required in the performance and enforcement of all agreements or duties."* (Emphasis added.) Citizens cannot be found to have performed its duties toward Utility in bad faith since it had no duty to provide Utility with notice of the sale. Citizens had no duty pursuant to K.S.A. 84-9-504(3) either to notify Utility of the sale or to disclose the name of the buyer.

The second issue raised on appeal is whether the mechanic's lien filed February 11, 1982, on the 1975 American trailer is effective for work totaling $812.42 performed on December 15, 1981.

Citizens argues that the lien filed February 11, 1982, for the December 15, 1981, repairs on the 1975 American trailer is ineffective as the lien was not filed within 45 days after Utility parted with possession of the trailer as required by K.S.A. 58-201. Utility argues the December 15, 1981, repairs were part of one ongoing contract to repair and that the lien is effective as it was filed within 45 days after completion of those repairs on January 15, 1982.

The portion of K.S.A. 58-201 governing time limitations on filing reads as follows:

"If such property shall come into the lien claimant's possession for the purpose of having the work, repairs or improvements made thereon, such lien shall be valid as long as the lien claimant retains possession of said property, and the claimant of said lien may retain the same after parting with the possession of said property by filing within forty-five (45) days in the office of the register of deeds, under oath, a statement of the items of the account and a description of the property on which the lien is claimed, with the name of the owner thereof, in the county where the work was performed and in the county of the residence of the owner, if such shall be known to the claimant.

"If the lien claimant was never in possession of said property, he or she may retain said lien by filing, within forty-five (45) days after the date upon which work was last performed or materials furnished in performing such work or making such repairs or improvements in the office of the register of deeds, under oath, a statement of the items of the account and a description of the property on which the lien is claimed, with the name of the owner thereof and the date upon which work was last performed or material last furnished in performing such work or making such repairs or improvements, in the county where the work was performed and in the county of the residence of the owner, if such shall be known to the claimant."

"Since the mechanic's lien is purely a statutory creation, only strict compliance with the provision in the statute will give rise to an enforceable lien." *Scott v. Strickland,* 10 Kan. App. 2d 14, Syl. ¶ 4, 691 P.2d 45 (1984).

"All the mechanics' lien statutes prescribe and limit the time for filing the claim, notice, or statement, and, as a general rule, the statutes are deemed mandatory in this respect, and it is essential to the existence and validity of a mechanic's lien that the claim or statement shall be filed or recorded within the time limited by the statute." 57 C.J.S., Mechanic's Liens § 139a.

James Wood, president and general manager of Utility, testified the 1975 American trailer came into the possession of Utility for repairs on two separate dates. The first date was December 15, 1981, at which time the worst areas of damage were repaired and the trailer was returned to the owner. The owner brought the trailer back to Utility on January 15, 1982, and the repairs were completed. Wood estimated that with the exception of about $25.00 for miscellaneous repairs, all labor and materials furnished on January 15, 1982, were related to completion of the December 15, 1981, contract. Separate repair orders with cost estimates were completed for both dates.

K.S.A. 58-201 clearly distinguishes between two classes of lien holders, those who have come into possession of the goods and those who have not. Had the 1975 American trailer not come into Utility's possession, the continuity of the single contract for repairs would have allowed Utility to file a lien within 45 days of the completion of the repair work on January 15, 1982. It is uncontroverted, however, that the trailer originally came into Utility's possession on December 15, 1981, and was released to the owner the same day. Utility's lien for the December 15, 1981, repairs on the 1975 American trailer was invalid ab initio as Utility failed to file within the 45 days after relinquishing possession of the trailer. K.S.A. 58-201.

The request for attorney fees and costs of Utility on appeal is denied.

The trial court is reversed and the case is remanded with directions that judgment be entered by the trial court for Citizens.