**In re Keith Kenneth GROVES a/k/a Keith K. Groves, Jan Marie Groves a/k/a Jan M. Groves, Debtors.**

**Bankruptcy No. 82–41105.**

United States Bankruptcy Court, D. Kansas.

Feb. 28, 1983.

 

Frederick J. Patton, II of Patton & Patton, Topeka, Kan., for debtors.

Larry G. Karns of Glenn, Cornish, Schulteis & Hanson, Chtd., Topeka, Kan., for G.F.C.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 13 proceeding the debtors have objected to a claim filed by G.F.C.

The debtors previously filed a chapter 13 petition in this Court, case number 80–40573 (hereinafter 1980 case).

G.F.C. filed a proof of claim as a secured claim and presented documentation of a security interest in various household goods. G.F.C. was undersecured, however, and a portion of its claim was an unsecured claim. The debtors' plan was confirmed and they allege that G.F.C. was paid the value of the household goods through their 1980 case. For the purposes of this Order, the Court will accept this assertion. The unsecured portion of G.F.C.'s claim, however, was not satisfied.

The 1980 case was dismissed before completion and a discharge under 11 U.S.C. § 1328 was not obtained.

The debtors later filed a new chapter 13 petition, case number 82–41105 (hereinafter 1982 case) and G.F.C. filed a proof of claim as a secured claim in the amount of $422.89. G.F.C. claimed a security interest in the same household goods that secured its claim in the 1980 case. The debtors assert G.F.C. does not have a secured claim in the 1982 case because it received the value of its collateral, which is the extent of a secured claim under 11 U.S.C. § 506(a), in the 1980 case.

Although the debtors' theory is enticing, the Court cannot agree. Debts are not discharged in chapter 13 cases unless the debtors complete their plan, or receive a hardship discharge. 11 U.S.C. § 1328(a), (b). Although confirmation of a plan vests the debtors with property free of a creditor's interest, 11 U.S.C. § 1327(c), nonetheless when a chapter 13 case is dis-

missed before a discharge is obtained, the dismissal,

> revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b)(3). This section "restore[s] all property rights, ... to the positions they occupied at the commencement of a case...." 2 Collier on Bankruptcy ¶ 349.03 (15th Ed. 1982). G.F.C.'s security interest is a property right. See *United States v. Security Indus. Bank,* —— U.S. ——, —————, 103 S.Ct. 407, 411–12, 74 L.Ed.2d 235, 241–43 (1982). Thus G.F. C.'s security interest was revested when the debtors' 1980 case was dismissed. In the debtors' 1982 case G.F.C. has a valid, restored security interest to secure payment of $422.89. Payment of the value of the collateral in the 1980 case is irrelevant because the debtors did not receive a discharge and because the security interest was restored. Thus, in the 1982 case, the Court holds G.F.C. has a security interest in household goods, has a secured claim to the extent of the value of its collateral under § 506(a), and the value of that collateral must be paid through the chapter 13 plan under § 1325(a)(5)(B)(ii). Accordingly, the debtors' objection to G.F.C.'s secured claim is overruled.

IT IS SO ORDERED.