**In re ROSS & HURNEY PAVING, INC., Debtor.**

**Bankruptcy No. 882–83001–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

July 15, 1985.

Harold S. Berzow, Goldstein & Berzow, New York City, for trustee.

Peter P. Legakis, Ginsberg & Katsorhis, Flushing, N.Y., for Circle M. Piling & Lumber.

Arnold M. Secunda, Gottsman, Wolgel, Smith & Secunda, P.C., New York City, for Peerless Ins. Co.

ROBERT JOHN HALL, Bankruptcy Judge.

On January 22, 1985, Joseph Farber, the trustee, filed a motion for an order declaring that a creditor of the debtor, Circle M. Piling and Lumber Corp. ("Circle M"), does

not have a validly perfected lien upon certain funds receivable from the Town of Brookhaven. The funds, totalling $33,280.00, are owing pursuant to a stipulation between the trustee and Brookhaven approved by the court on December 10, 1984. The stipulation settled the trustee's claim against Brookhaven arising from the debtor's work on a public improvement construction project.

Circle M, a subcontractor of the debtor on the construction project, delivered construction material from August 9 through August 16, 1982 to the debtor valued at $9,256.86. The debtor filed a Chapter 11 petition on December 6, 1982, which was later converted to a Chapter 7 liquidation proceeding on December 12, 1983. Circle M had submitted a proof of claim for the $9,256.86 amount on April 13, 1983 and had filed a mechanic's lien notice for the same amount with the Comptroller of the County of Suffolk on May 28, 1983.

In opposition to the trustee's motion to declare that Circle M does not have a validly perfected lien, Circle M's attorney submitted an affirmation in which he requests "an order directing the trustee to submit payment to Circle M in the amount of $9,256.86 pursuant to an Article 3–A lien trust of the New York Lien Law."

On the date this matter was heard, neither party offered evidence. The trustee presented to the court an affirmation replying to the affirmation in opposition submitted by Circle M's attorney. An appearance was made by an attorney for Peerless Insurance Company ("Peerless"), a surety which had issued and executed a performance bond on behalf of the debtor and in favor of Brookhaven in connection with the construction project. Although the potential liability of Peerless to Circle M appears remote, Peerless nevertheless decided to support Circle M's request that the trustee release and pay to Circle M its claim. At the hearing, the attorney for Peerless submitted an affidavit in support of its position. The court reserved decision. Subsequent to the hearing, Circle M submitted a sur reply affidavit and the trustee a further reply affirmation.

Out of the confusion produced by the parties' multiple submissions on paper one fact stands clear. The appropriate procedure for obtaining the relief requested in the trustee's motion is an adversary proceeding. Bankruptcy Rule 7001(2) provides that proceedings to determine the validity of a lien are adversary proceedings. Although this rule is not absolute, the confused record created by the parties requires its strict application.

The court has broad discretion to see "that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *In re Vintero Corp.*, 735 F.2d 740, 742 (2d Cir.1984) (quoting *Pepper v. Litton*, 308 U.S. 295, 304–05, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939)). Indeed, the Bankruptcy Rules incorporate this view, allowing the court at every stage of a proceeding to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Bankruptcy Rule 9005 (incorporating Rule 61 of the Federal Rules of Civil Procedure). Usually where no objection is raised, the court may presume that no prejudice has arisen therefrom. *See In re D.H. Overmyer Co. Inc. (Ohio)*, 40 B.R. 990, 997 (S.D.N.Y.1984) (order to show cause sufficient where party failed to advance prejudice to substantial right); *In re Groves*, 27 B.R. 866, 10 B.C.D. 348, 350 (Bankr.D.Ka.1983) (issue sufficiently raised and responded to without objection to warrant resolution on merits rather than procedure).

Despite these precepts, the circumstances in the matter at bar require a dismissal of these proceedings. The failure of the parties to follow the technical pleading requirements of Bankruptcy Rules 7001 *et seq.* resulted in issues not being joined. In other words, the discontinuity of the papers submitted by the parties raised a myriad of essential issues unaddressed by the opposing party. Furthermore, many of the issues addressed by the parties are unanswerable on the present state of the record.

Examples of important issues not addressed by the parties include whether (1) Circle M's filing of the lien notice was in violation of the automatic stay and therefore void, and (2) whether the "tolling" provisions found in 11 U.S.C. § 108 served to extend indefinitely the various mechanic's lien filing and perfection requirements of New York's Lien Law. In addition, the parties have not addressed the potential waiver effect of the statement found in Circle M's proof of claim that it holds no security for its claim. Examples of some of the issues that have in fact been addressed by the parties, but which remain unanswerable due to the parties failure to present any evidence, include (1) who were the appropriate officials with which Circle M was required to file a notice of lien, and (2) when was the project completed for purposes of ascertaining whether the notice of lien was timely filed.

In order to avoid needless future litigation, the parties should note that the court joins in Circle M's observation that the question as to the validity of the lien pales in light of Circle M's asserted position as an Article 3–A trust beneficiary. If Circle M's contentions that there are no lienholders of the proceeds due from Brookhaven and that there are no other trust beneficiaries are correct, then if the trustee receives the funds from Brookhaven, Circle M would be entitled to payment in full. If one undisputed conclusion may be drawn from the facts presented, it is that upon receipt of the monies by the trustee, Circle M becomes a trust beneficiary of those funds under Article 3–A of New York's Lien Law. *See* N.Y. Lien Law §§ 70, 71 (McKinney 1966). Without establishing that there are no lienholders or other trust beneficiaries, however, the conclusion that Circle M is entitled to full or partial payment does not necessarily follow. Once all existing mechanic's lienholders are paid in full, then the remaining funds must be paid to the trust beneficiaries. *See Onondaga Com. Dry Wall Corp. v. 150 Clinton Street, Inc.,* 25 N.Y.2d 106, 302 N.Y.S.2d 795, 798, 250 N.E.2d 211, 213 (1969) (after all valid liens are paid, all trust claims shall

be discharged). *See Besroi Const. Corp. v. Kawczynski (In re Kawczynski),* 442 F.Supp. 413, 417 (W.D.N.Y.1977). Only if the remaining funds are sufficient to pay all trust beneficiaries in full will Circle M necessarily receive full payment.

The claims of trust beneficiaries are not based on debts of the estate, but rather on the beneficial property interest established under New York's Lien Law. *In re Heintzelman Const. Co.,* 34 F.Supp. 109, 111 (W.D.N.Y.1940). The trustee obtains no equity or interest greater than that held by the debtor. 34 F.Supp. at 111. ("Property impressed with a trust continues so impressed in the hands of the trustee"). This well-established principle has been carried on in Section 541 of the 1978 Bankruptcy Code as reflected by the statements of both Houses of Congress: "[W]here the debtor held only legal title to the property and the beneficial interest in that property belongs to another, such as exists in the case of property held in trust, the property of the estate includes legal title, but not the beneficial interest in the property." 124 Cong. Rec. H 11, 114 (daily ed. Sept. 28, 1978); S 17,430–1 (daily ed. Oct. 6, 1978).

Unless Circle M presents evidence to establish all facts necessary for the court to conclude Circle M is entitled to full payment, the court cannot order that the funds be paid over. In addition, whether such a request for relief be by way of adversary proceeding for equitable relief, or by way of an 11 U.S.C. § 554 motion to compel the trustee to abandon property of inconsequential value to the estate, basic requirements of due process require that the proceeding be on notice to all potential lienholders of the funds and all other creditors of the estate. *See* Bankruptcy Rule 9014 (all parties holding adverse interests must be served).

Insomuch as (1) no evidence nor stipulation of facts were submitted by the parties; (2) all interested parties have not been served; (3) the proper procedures were not utilized; and (4) the parties have confused rather than clarified most of the relevant issues; the trustee's application and the

cross-applications of Circle M and Peerless are denied without prejudice.

So Ordered.