**In re Randall Ray BEEMAN, Debtor.**

**No. 98–23158–7–JTF.**

United States Bankruptcy Court,
D. Kansas.

Feb. 21, 2001.

John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for debtor.

Bret A. Heim, Immel, Immel & Works, P.A., Iola, KS, for creditor.

### MEMORANDUM OPINION [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

This dispute calls for the court to decide whether under § 522(f) a lien is nonposses-

---

1. The debtor, Randall Ray Beeman, appears by his attorney, John J. Cruciani of Lentz & Clark, P.A., Overland Park, Kansas. The creditor, Jack Klotz, appears by his attorney,

sory and avoidable or whether it is possessory and nonavoidable. The court holds that the lien here is possessory and nonavoidable because § 349(b) leads to that conclusion and because the parties agreed that the lien's possessory status would be preserved.

## I. *Background*

### The First Case.

In January 1998, debtor Randall Ray Beeman petitioned for Chapter 13 bankruptcy relief in the Wichita Division of this court.[2] Before filing the petition, he had pledged his 1973 Chevrolet pickup and 1996 mobile box trailer (with air compressor) to Jack R. Klotz d/b/a Trailer and Equipment Sales[3] to secure a debt. Consequently, when Beeman commenced the Chapter 13 case, Klotz possessed the pickup and trailer.[4]

To regain possession of this property, Beeman moved the court for turnover. Negotiations resulted in Klotz agreeing to redeliver the vehicles if Beeman would assure that Klotz's status as a prepetition possessory lien holder would be preserved for later litigation, if necessary. Beeman agreed, and their accord was memorialized in the following order, which they presented to the court for approval:

THEREUPON *the parties announce to the Court that they have reached an agreement* with regard to the Motion for Turnover the essence of which is as follows:

. . . .

2. As Mr. Klotz is claiming a possessory lien in and to the subject property, the turnover of the property to the Debtor pursuant to *this Order shall in no way impair Klotz's secured claim and any issues relating to perfection or the nature and/or extent of Klotz's lien are hereby preserved by Klotz for determination at a future date and time in the event litigation of such issues become [sic] necessary.*[5]

The Honorable John K. Pearson signed the order, which bore the approval signatures of Steven L. Speth, Beeman's attorney; James M. Immel, Klotz's attorney; and Royce E. Wallace, the standing Chapter 13 trustee.

However, Beeman's plan failed confirmation, and on October 7, 1998, Judge Pearson dismissed the Chapter 13 case. At that time the parties had not litigated the validity of Klotz's lien in the Chapter 13 case.

### This case.

Approximately two weeks later, on October 22, 1998, Beeman commenced this Chapter 7 case. In his schedules, Beeman listed the 1973 Chevrolet pickup and the 1996 mobile box trailer (with air compressor) as exempt "tools of the trade."

---

Bret A. Heim of Immel, Immel & Works, P.A., Iola, Kansas.

2. Case No. 98–10171–13 filed January 15, 1998.

3. Certain pleadings refer to "Jack Klotz d/b/a Trailer and Equipment Sales, Inc." Because an individual cannot do business as an incorporated entity, the court assumes this designation is in error. Therefore, in this opinion Jack Klotz d/b/a Trailer and Equipment Sales will be referred to as Jack Klotz or simply Klotz.

4. Final Pre–Trial Conference Order on Debtor's Application to Avoid Liens of Jack R. Klotz d/b/a Trailer and Equipment Sales, Inc. [sic], filed June 1, 2000 (Doc. # 77), at 2, Stipulation B.

5. Order on Motion for Turnover filed February 5, 1998, in Case No. 98–10171–13 at 1–2 (emphasis added), attached as Exhibit A to Final Pre–Trial Conference Order filed June 1, 2000 (Doc. # 77).

## II. *Discussion*

The question now before the court arises from Beeman's amended motion for summary judgment to avoid Klotz's lien under § 522(f).[6] The procedural trail leading to the motion for summary judgment is buried in a confusing series of duplicative pleadings and briefs. The details of that trail are unnecessary to an understanding of this decision, but they could be helpful to a reviewing court. Therefore, those details appear in the attached Appendix "A."

### Section 522(f).

Holding physical possession of the vehicles and claiming them exempt as tools of his trade, Beeman now relies on § 522(f) to avoid Klotz's lien. Indeed, this statute would avoid the lien if (1) the lien impairs an exemption to which Beeman would have been entitled, and (2) the lien is nonpossessory:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—. . .
>
> > (B) a nonpossessory, nonpurchase-money security interest in any . . .
> >
> > > (ii) implements, professional books, or tools, of the trade of the debtor . . . .[7]

### Section 349(b).

Beeman argues that § 349(b) establishes the nonpossessory prong of § 522(f). He claims § 349(b) invested him with possession of the pickup and trailer when Judge Pearson dismissed the Chapter 13 case. If Beeman were correct, Klotz's lien would have been nonpossessory at the commencement of this Chapter 7 case and therefore avoidable under § 522(f).

To the contrary, however, upon dismissal of a case, § 349(b)(3) revests property of the estate in the person in whom it was vested before the case began:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
>
> . . . .
>
> > (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

As the legislative history of the subsection confirms, its purpose was to put the parties back in the legal position they occupied before the case was filed:

> The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.[8]

The 1983 Kansas bankruptcy case of *In re Groves*[9] followed this reasoning. In that case, the Honorable James A. Pusateri held that a creditor's security interest is a property right that § 349(b) revested in the creditor when the debtors' Chapter

---

6. Debtor's Amended Motion for Summary Judgment on Debtor's Application to Avoid Liens of Jack R. Klotz d/b/a Trailer and Equipment Sales, Inc. [sic], filed June 2, 2000 (Doc. # 78).

7. 11 U.S.C. § 522(f)(1)(B)(ii).

8. House and Senate Committee Reports, H.R.Rep. No. 95–595, at 338 (1977), *reprinted in* 1978 U.S.C.C.A.N. 510–511; S.Rep. No. 95–989 at 48–49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 50–5, Pub.L. 95–598, Nov. 6, 1978.

9. In re Groves, 27 B.R. 866 (Bankr.D.Kan. 1983).

13 case was dismissed before completion of a confirmed plan and discharge.[10]

Thus, rather than destroying Klotz's property right to possession of the vehicles, § 349(b) revested him with that right when Judge Pearson dismissed the Chapter 13 case.

**The Agreement.**

Another reason for finding that Klotz holds an unavoidable possessory lien is the parties' agreement.

When Beeman filed for Chapter 13 relief, he moved the court for turnover of the vehicles. He apparently felt they were necessary to the success of his Chapter 13 plan. Somehow Beeman convinced Klotz to turn over the vehicles voluntarily, perhaps by promising to repay Klotz's secured claim liberally under the plan. But Klotz would only cooperate if an order proclaimed that the turnover would "... in no way impair [his] secured claim."[11] Beeman agreed and, according to customary bankruptcy practice and the requirements of FED. R. BANKR. P. 9019, the parties memorialized the settlement in an order that Judge Pearson approved.[12]

Yet, approximately two weeks after Judge Pearson dismissed the Wichita Chapter 13 case, disregarding the agreement, Beeman traveled the approximately 200 miles from Wichita to Kansas City, hired a new lawyer, filed this Chapter 7 case, and claimed the collateral as exempt. When Klotz sought stay relief to foreclose his security interest, Beeman's new attorney asserted Klotz's lien was nonpossessory and avoidable under § 522(f).

Would Klotz's lien be possessory outside of bankruptcy? Probably so. The Kansas Court of Appeals has endorsed in the 1979 decision entitled *Weatherhead v. Boettcher*[13] the preservation of possessory lien rights by agreement:

> A common-law lien or a statutory lien that is dependent on possession continues only so long as possession is voluntarily retained; it is extinguished when the lienor voluntarily parts therewith .... *However, as between the parties a possessory lien is not necessarily waived or destroyed by parting with possession, if there is an intention to preserve the lien and the lienholder only conditionally parts with the property, as where by special agreement he allows the owner to take the property into his possession without prejudice to the lien.*[14]

*Weatherhead* declares this proposition consistent with the Kansas statute it was considering, a statute perfecting an auto repairman's possessory lien.[15] Although speaking in dicta, the court states: "Upon the voluntary relinquishment of the car, the parties could have agreed that the defendant's lien would remain in existence as between the parties."[16] However, in *Weatherhead*, the parties made no such agreement, although they did agree that

10. *Id.* at 868.

11. Order on Motion for Turnover filed February 5, 1998, in Case No. 98–10171–13 at 1, attached as Exhibit A to Final Pre–Trial Conference Order filed June 1, 2000 (Doc. # 77).

12. For a discussion of various issues involving bankruptcy court approval of settlements and compromises, see Reynaldo Anaya Valencia, *The Sanctity of Settlements and the Significance of Court Approval: Discerning Clarity from Bankruptcy Rule 9019*, 78 OR. L. REV. 425 (1999).

13. *Weatherhead v. Boettcher*, 3 Kan.App.2d 261, 593 P.2d 420, 423 (1979).

14. *Id.* at 263, 593 P.2d 420 citing 15 AM. JUR. 2D, Liens § 42, p. 181 (emphasis added).

15. K.S.A. § 58–201.

16. *Id.*

the surrender of the vehicle was made pending a judicial determination. Thus, although *Weatherhead* does not decide the point, it suggests that possessory lienholders who voluntarily surrender collateral to their debtors can retain their lien rights if the debtors agree that the liens will be preserved.

The same result should prevail in a bankruptcy case. As in this case, rehabilitating debtors may need to use pledged property to assure the success of their debt adjustment efforts. To foster this result, possessory lienholders must be assured that, notwithstanding voluntary turnover, agreements preserving their liens will be enforced.

Therefore, under the clear terms of the agreement between Klotz and Beeman, Klotz is hereby deemed in possession of the pickup and mobile box trailer (with air compressor) and his lien is declared unavoidable under § 522(f)(1)(B).

Since the court decides that the lien is not avoidable under § 522(f), it is unnecessary to address whether the vehicles are exemptible tools of Beeman's trade.

IT IS THEREFORE ORDERED that debtor Randall Ray Beeman's Amended Motion for Summary Judgment on Debtor's Application to Avoid Liens of Jack R. Klotz d/b/a/ Trailer and Equipment Sales be DENIED. The Bankruptcy Clerk is directed to schedule Klotz's pending motion for stay relief to a status conference forthwith.

### APPENDIX "A"

When Beeman filed his motion for turnover in this Chapter 7 case, Jack Klotz, who had initiated a state court action to foreclose his lien, responded with a motion for relief from the automatic stay. Beeman's response noted that more than 30 days had passed since the date first set for the § 341 meeting. He claimed this fact made his exemption unassailable under the 1992 United States Supreme Court decision of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (Debtor's Objection to Motion for Relief from Automatic Stay filed June 30, 1999, Doc. # 39). Beeman then filed a motion to avoid Klotz's lien under § 522(f) on the theory that the lien is nonpossessory and impairs his exemption (Debtor's Application to Avoid Liens of Jack R. Klotz filed June 30, 1999, Doc. # 40). Klotz countered that his lien is possessory (Notice of Objection to Debtors [sic] Application to Avoid Liens filed July 21, 1999, Doc. # 49). Beeman responded with a memorandum stating that § 349(b)(2) revested him with possession of the vehicle and trailer when Judge Pearson dismissed the Chapter 13 case (Debtor's Memorandum in Support of Application to Avoid Liens of Jack R. Klotz filed August 23, 1999, Doc. # 55). The parties agreed to continue the motion for stay relief pending resolution of the lien avoidance dispute (Order on Motion for Relief from Automatic Stay filed September 2, 1999, Doc. # 58). And Klotz replied by brief to the issues raised in Beeman's lien avoidance motion (Brief of Creditor filed November 4, 1999, Doc. # 66). Beeman then moved for summary judgment on his lien avoidance motion (Debtor's Motion for Summary Judgment filed November 5, 1999, Doc. # 68). Both parties approved and filed a final pretrial order on June 1, 2000 (Doc. # 77). Although Beeman's original motion for summary judgment failed to comply with D. KAN. RULE 56.1, which sets out the requirements for filing a motion for summary judgment, the court granted him leave to amend the motion. He complied by filing an amended motion for summary judgment on June 2, 2000 (Doc. # 78), and on June 21, 2000, Klotz responded to the

motion, thereby ending the duplicative trail of pleadings and briefs (Doc. # 81).